UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DUSTIN DON BADGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15-cv-00517-JAW |
| | ) | |
| CORRECT CARE SOLUTIONS, et al., | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON PLAINTIFF'S MOTION
TO APPOINT COUNSEL (ECF NO. 12)**

Plaintiff requests the Court appoint counsel to represent him in this matter. "There is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). The *in forma pauperis* statute provides that the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The appointment of counsel under the statute is discretionary, but generally is limited to "exceptional circumstances." *DesRosiers*, 949 F.2d at 23. "[A] court must examine the total situation, focusing, *inter alia,* on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." *Id.* at 24. For example, the presence of "readily mastered facts and straightforward law" would suggest that a request for counsel "should be denied in a civil case." *Id.* Denial of an indigent plaintiff's request for counsel is error only if the denial "was likely to result in fundamental unfairness impinging on his due process rights." *Id.* at 23.

Following a review of Plaintiff's complaint, the Court concludes that the law and facts relevant to Plaintiff's case are sufficiently straightforward such that Plaintiff should be able to

represent himself, and that Plaintiff's case does not present "exceptional circumstances" to warrant the appointment of counsel. The Court, therefore, denies the motion.[1]

                                                  /s/ John C. Nivison
                                                  U.S. Magistrate Judge

Dated this 13th day of January, 2016.

---

[1] In his motion, Plaintiff also requests a copy of the discovery that Defendants have filed with the Court. Discovery is not ordinarily filed with the Court. In addition, Defendants have not been served with the complaint in this action, and thus have filed no discovery with the Court.