UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DUSTIN DON BADGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  1:15-cv-00517-JAW |
| | ) |
| CORRECT CARE SOLUTIONS, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION**

In this action, Plaintiff, an inmate at the Maine State Prison, alleges that he received substandard medical care in November, 2015. On the form complaint that Plaintiff filed to commence this action, Plaintiff identified the defendant as "Correct Care Solutions/Maine State Prison Medical Department, et al." (Complaint, ECF No. 1.) When the court opened the file for the case, the court listed Correct Care Solutions and Maine State Prison Medical Department as two separate defendants.

After the Court granted Plaintiff leave to proceed in forma pauperis, in accordance with the Court's order (ECF No. 5), Plaintiff filed with the Court his intention to incur the filing fee and to proceed with the matter. (ECF No. 8.) Upon receipt of Plaintiff's filing, the Court ordered service of the complaint upon Defendants. (ECF No. 11.) Pursuant to policy and an agreement with the Office of the Maine Attorney General, the complaint was forwarded to the Maine Attorney General for service upon the Maine State Prison Medical Department. The Attorney General, however, declined to accept service. In the declination, an Assistant Attorney General wrote, "[t]he Office of the Attorney General hereby declines service of the complaint on the Maine State Prison Medical Department because there is no such legal entity." (ECF No. 17.)

The declination prompted further review of Plaintiff's complaint, which review revealed that Plaintiff likely did not intend to name two separate entities when he listed "Correct Care Solutions/Maine State Prison Medical Department" as a defendant. Instead, because Correct Care Solutions is the medical provider at the Maine State Prison, Plaintiff more likely included reference to the Maine State Prison Medical Department in an effort to identify further the role of Correct Care Solutions in the prison. Consistent with this conclusion, in the form complaint, Plaintiff described the "position" of the defendant as "Maine State Prison Medical Department/Medical Care Services." (ECF No. 1.) In other words, Plaintiff evidently described the position of Correct Care Solutions as the medical department of the Maine State Prison.

Because the Maine State Prison Medical Department is not a legal entity from which Plaintiff can obtain relief, because Plaintiff has joined as a party the medical provider at the prison (Correct Care Solutions), because Plaintiff likely did not intend to identify two separate entities as medical defendants, and because the continued inclusion of the Maine State Prison Medical Department is unnecessary and could create some confusion, dismissal of the Maine State Prison Medical Department as a named party is appropriate. Accordingly, after further review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915,[1] I recommend that the Court dismiss Maine State Prison Medical Department as a party-defendant.[2]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of

---

[1] 28 U.S.C. § 1915(e) provides in pertinent part that when a plaintiff is proceeding in forma pauperis, "the court shall dismiss the case *at any time* if the court determines that … the action … fails to state a claim on which relief may be granted." (emphasis added.) Because the Maine State Prison Medical Department is not a legal entity and thus not a proper party, Plaintiff cannot obtain relief against the "Department."

[2] The dismissal of the Maine State Prison Medical Department would not alter the status of Correct Care Solutions as a named Defendant.

being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

  Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

           /s/ John C. Nivison
           U.S. Magistrate Judge

Dated this 17th day of February, 2016.