UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DUSTIN BADGER, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   Docket No. 15-cv-517 |
| | ) |
| CORRECT CARE SOLUTIONS, et als., | ) |
| | ) |
| Defendants | ) |

**MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

Pursuant to F. R. Civ. P., Rules 56(a) and 12(b)(6), defendants Jeremiah Manning and William Mayer hereby move for summary judgment and to dismiss the complaint as to them. As grounds for this motion, defendants state:

1. Plaintiff's claims for compensatory damages are barred by his failure to plead that he sustained a physical injury as the result of the conduct of these defendants.

2. Plaintiff has been released from Department of Corrections custody, and his claim for injunctive relief is moot.

3. The complaint otherwise fails to state a claim upon which relief can be granted.

## **MEMORANDUM IN SUPPORT OF MOTION**

### **FACTS**

The facts stated in the complaint and accompanying affidavit may be summarized as follows:

At the time of the events alleged in the Complaint, plaintiff was a prisoner incarcerated at the Maine State Prison. On November 20, 2015, he felt faint and pressed his medical emergency button. Defendant Mayer, a correctional officer, arrived at his cell and asked him what the emergency was. Plaintiff told Mayer he was feeling faint, and Mayer told him to lie down and he would feel better. Plaintiff suddenly had chest pains and again pressed the emergency button. Mayer then got on the phone with the medical department and asked them what to do. Mayer called a "medical ICS" (presumably some type of emergency response), and medical personnel showed up in 5 to 6 minutes.

Defendant Manning, a corrections officer, then told plaintiff to cuff up and kneel on his bunk facing the wall. Plaintiff apparently resisted this instruction, telling Manning he had chest pains. Manning threatened him with chemical agents and was verbally abusive toward plaintiff. Plaintiff was then placed in restraints and taken to a medical evaluation in a wheelchair. He was given Tylenol and returned to his cell.

On November 21, plaintiff again complained to Manning about chest pain. Manning continued to do his rounds. Plaintiff pushed his emergency button again because he was still having chest pains. Manning responded and called the medical department. Plaintiff was placed in restraints and made to walk to the elevator. He was brought to a receiving area and evaluated by two nurses, who checked his blood pressure but refused to perform an EKG.

As relief, Manning asks that the defendant corrections officers and the medical personnel involved be fired and lose their licenses.  He requests unspecified injunctive relief as well as punitive, compensatory and nominal damages for "severe physical, mental and emotional distress."

Plaintiff was released from DOC custody on February 5, 2016. *Defendants' Statement of Material Fact.*

## ARGUMENT

**1.  Plaintiff's claim for damages for mental or emotional distress is barred by his failure to allege any physical injury resulting from the conduct of these defendants.**

The Prison Litigation Reform Act states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

In *Siglar v. Hightower*, 112 F. 3d 191, 193 (5th Cir. 1997), the Court of Appeals interpreted §1997e(e) as requiring an injury that is more than *de minimis*, although the injury need not be significant.  In that case, it was alleged that a guard twisted plaintiff inmate's arm behind his back and twisted his ear, causing the ear to be bruised for three days.  The court held that this injury was *de minimis*, and that the inmate's claim for emotional distress damages was barred by the PLRA. The *de minimis* interpretation of *Siglar* has since been adopted in several other circuits.  *Mitchell v. Horn*, 318 F. 3d 523 (3d Cir. 2003) (joining Fifth, Ninth and Eleventh Circuits in adopting *de minimis* formulation.)  *C.f.*, *Marino v. Commissioner*, 2009 WL 1150104 (D. Me.) (recognizing that PLRA requires physical injury, not merely physical pain.)

In this case, plaintiff appears to be complaining of the fact that he was required to be restrained before being taken from his cell for medical examination and treatment.  There are,

however, no facts alleged from which it can be inferred that the discomfort alleged by the plaintiff (faintness and chest pains) was either caused or exacerbated by the actions of these defendants, nor is there an allegation that requiring plaintiff to cuff up and kneel on his bunk in order to be placed in restraints or any delay in treatment associated with these security procedures caused a physical injury to the plaintiff.  Thus, plaintiff has not alleged facts sufficient to support the conclusion that he sustained a physical injury, and his claim for emotional distress damages is barred by the provisions of the PLRA.

**2.  Plaintiff has been released from DOC custody, and his claim for injunctive relief is moot.**

An inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility.  *Salhuddin v. Goord*, 467 F. 3d 263 (2d Cir., 2006); *Thompson v. Choinski*, 525 F. 3d 205, 209 (2d Cir. 2008); *Stow v. Warden, New Hampshire State Prison*, 21 F. 3d 420 (1st Cir. 1994) (table) (unpublished decision), 1994 WL 108929, *2.  Thus, in *Ford v. Bender,* 768 F. 3d 15, 29-30 (1st Cir. 2014), a prisoner's release from custody mooted his claim that defendants violated his due process rights by placing him in segregated confinement.  *C.f., Preiser v. Newkirk*, 422 U.S. 395, 402 (1975) (prisoner's complaint about being transferred from medium to maximum security prison was rendered moot when he was returned to the medium custody prison before the district court could rule on his case.)

In this case, plaintiff's request that defendant officers lose their jobs and their certifications is relief clearly beyond the authority of this court to grant.  Moreover, since

plaintiff has now been discharged from DOC custody, these or any other requests for injunctive relief have been rendered moot.

### 3. The complaint otherwise fails to state a claim upon which relief can be granted.

Fear or emotional distress resulting solely from verbal harassment is not sufficient to support a claim under § 1983. *Pittsley v. Warish*, 927 F. 2d 3, 7 (1st Cir. 1991); *Keyes v. Albany*, 594 F. Supp. 1147, 1155 (N.D.N.Y. 1984). Thus, plaintiff's claim that defendant Manning used abusive language toward him does not state a claim for which relief can be granted.

In order to recover punitive damages under 42 U.S.C. § 1983, a plaintiff must show that the defendant acted with evil intent or callous or reckless indifference to plaintiff's federally protected rights. *Cabral v. U.S. Dept. of Justice*, 587 F. 3d 13, 24 (1st Cir., 2009). In his complaint, plaintiff has at most shown that defendants were not as attentive to plaintiff's medical complaints as plaintiff would have hoped. The facts alleged do not support his claim for punitive damages.

### CONCLUSION

For the reasons stated above, defendants request that the court dismiss the complaint and enter judgment in favor of defendants Manning and Mayer.

February 22, 2016                             __/s/  James E. Fortin____
                                              James E. Fortin
                                              Assistant Attorney General

Office of the Attorney General
Six State House Station
Augusta, ME 04333
626-8800

5

## CERTIFICATE OF SERVICE[1]

  The undersigned hereby certifies that he electronically filed the above document with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel of record, and that he mailed a copy, postage paid, to the plaintiff at the following address:


Dustin Badger
Trinity Shelter
12 McLellan St.
Skowhegan, ME 04976

February 22, 2016              /s/ James E. Fortin
                     James E. Fortin
                     Assistant Attorney General

---

[1] The address indicated in the Certificate of Service is plaintiff's forwarding address, according to DOC records.