UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DUSTIN DON BADGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:15-cv-00517-JAW |
| ) | |
| CORRECT CARE SOLUTIONS, et al., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

In this action, Plaintiff Dustin Badger alleges that he received substandard medical care while he was an inmate at the Maine State Prison in November, 2015. The matter is before the Court on the motion to dismiss of Defendant Correct Care Solutions. (ECF No. 15.) Plaintiff has not filed an objection to the motion.

After review of the complaint and Defendant's motion, I recommend the Court grant the motion, and dismiss Plaintiff's claim against Defendant Correct Care Solutions without prejudice.

**BACKGROUND**

The facts set forth herein are derived from Plaintiff's complaint (ECF No. 1). Plaintiff's factual allegations are deemed true when evaluating a motion to dismiss.[1] *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).

Plaintiff alleges that on November 20, 2015, Defendant, the provider of medical care to prisoners at the Maine State Prison, failed to respond promptly and appropriately to his request for medical assistance for chest pain. When Defendant's agents eventually examined Plaintiff, they

---

[1] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review for a motion to dismiss.

checked his blood pressure and lungs, and returned him to his cell with a dose of Tylenol. (PageID # 4.)

On November 21, 2015, Plaintiff again sought emergency medical attention for chest pain. Two nurses checked Plaintiff's blood pressure before sending him back to his cell. Plaintiff states that the nurses refused to perform an EKG. (PageID # 5.)

Plaintiff asserts that he "would like any and all employees of Correct Care Solutions who acted or failed to act appropriately in the commission of medical malpractice to have their licenses to practice revoked." (PageID # 3.)

### STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." In its assessment of the motion, a court "must assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007). To overcome the motion, a plaintiff must establish that his allegations raise a plausible basis for a fact finder to conclude that the defendant is legally responsible for the claim(s) at issue. *Massachusetts Ret. Sys. v. CVS Caremark Corp.*, 716 F.3d 229, 237 (1st Cir. 2013).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

Federal Rule of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## DISCUSSION

Plaintiff's claim against Defendant Correct Care Solutions is in essence a medical malpractice claim. That is, Plaintiff asserts no facts that would support a constitutional claim.[2] Plaintiff's claim thus is "an action for professional negligence" against a "health care provider" as contemplated by the Maine Health Security Act (24 M.R.S. §§ 2501, et seq.).

"Medical malpractice actions in Maine are commenced with a notice of claim, 24 M.R.S. § 2903 (2008), which is presented to a pre-litigation panel before it reaches the court system, 24 M.R.S. § 2852(2) (2008)." *Dragomir v. Spring Harbor Hosp.*, 2009 ME 51, 970 A.2d 310, 315 n.2. While this Court might have diversity jurisdiction over Plaintiff's state law malpractice action, unless and until Plaintiff has complied with the state law pre-litigation screening procedures, Plaintiff cannot proceed on his malpractice action in this Court. *Henderson v. Laser Spine Inst.*, 815 F. Supp. 2d 353, 381 – 82 (D. Me. 2011); *Kidder v. Richmond Area Health Ctr., Inc.*, 595 F. Supp. 2d 139, 142 (D. Me. 2009); *Hewett v. Inland Hosp.*, 39 F. Supp. 2d 84, 87 (D. Me. 1999).

Plaintiff did not allege in his complaint compliance with the Maine Health Security Act, nor did he file an opposition to Defendant's motion in which motion Defendant argued that

---

[2] To the extent Plaintiff attempted to assert a civil rights claim, he has failed to state an actionable claim. "In *Estelle v. Gamble,* 429 U.S. 97 (1976), the Supreme Court established that an Eighth Amendment claim of 'cruel and unusual punishment' based on medical mistreatment requires more than 'an inadvertent failure to provide adequate medical care' and must involve 'acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Feeney v. Corr. Med. Servs., Inc.*, 464 F.3d 158, 161 (1st Cir. 2006). Deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable." *Feeney v. Corr. Med. Servs., Inc.*, 464 F.3d at 162 (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)). Simply stated, Plaintiff's assertions regarding Defendant's alleged modest delay in responding to his request for medical assistance do not permit a plausible inference that Defendant's agents were deliberately indifferent to a serious medical need.

Plaintiff had not complied with the requirements of the Act.[3] Indeed, given that Plaintiff alleges that the malpractice occurred in November 2015, Plaintiff would not have had sufficient time to complete the pre-litigation screening process before the filing of his complaint on December 21, 2015. Because the record reflects that Plaintiff has not satisfied the mandatory state law pre-litigation screening process, Plaintiff cannot proceed on his malpractice claim in court at this time.

Although the Court could stay action on Plaintiff's malpractice action until Plaintiff satisfies the state law requirements, *see Henderson*, 815 F. Supp. 2d at 383, because Plaintiff's intention regarding any state law medical malpractice action that he might have is unknown, a stay could unnecessarily and unreasonably delay the resolution of Plaintiff's claims against other Defendants joined in this action. Accordingly, dismissal without prejudice is appropriate.[4]

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court grant the motion dismiss of Defendant Correct Care Solutions (ECF No. 15), and dismiss Plaintiff's claim against Defendant Correct Care Solutions without prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[3] Pursuant to Local Rule 7, failure to file an objection to a motion "shall be deemed" a waiver of objection. D. Me. Loc. R. 7(b).

[4] Insofar as Maine has a 3-year statute of limitations for medical malpractice actions (24 M.R.S. § 2902), the dismissal would not jeopardize Plaintiff's ability to assert timely the action in state court.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of March, 2016.