UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DUSTIN DON BADGER,            )
                             )
      Plaintiff,              )
                             )
      v.                      )        1:15-cv-00517-JAW
                             )
CORRECT CARE SOLUTIONS,       )
et al.,                      )
                             )
      Defendants.             )

**ORDER ON MOTION TO DISMISS**

Although the Plaintiff filed no response to the Defendants' Motion to Dismiss, the Court nevertheless reviewed the merits of the motion and concludes that the Plaintiff, a former prisoner at the Maine State Prison, has failed to state a claim for which relief can be granted. The Court dismisses his Complaint against two Correctional Officers.

## I.    BACKGROUND

### A.    Procedural History

Dustin Don Badger was a prisoner incarcerated at the Maine State Prison when on December 21, 2015, he filed a complaint against Correct Care Solutions (CCS), Maine State Prison Medical Department, and Correctional Officers Mayer and Manning. *Compl.* (ECF No. 1). Mr. Badger's Complaint was grounded in allegations of failures by CCS and Maine State Prison staff to provide him adequate emergency services. *Id.* On February 2, 2016, CCS filed a motion to dismiss

pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that Mr. Badger failed to comply with mandatory pre-litigation requirements set forth in the Maine Health Security Act, 24 M.R.S. §§ 2851-2859. *Mot. to Dismiss of Defs. Correct Care Solutions* at 1-4 (ECF No. 15). On February 5, 2016, the Office of the Attorney General declined service of the complaint on the Maine State Prison Medical Department claiming "there is no such legal entity." *Declination of Service* at 1 (ECF No. 17). The Magistrate Judge issued a Recommended Decision on February 17, 2016, recommending that the Court dismiss the Maine State Prion Medical Department as a party-defendant because it was not a legal entity from which Mr. Badger could obtain relief. *Recommended Decision* at 2 (ECF No. 18) (*Rec. Dec. I*). On February 22, 2016, Officers Manning and Mayer moved for summary judgment and to dismiss pursuant to Federal Rules of Civil Procedure 56(a) and 12(b)(6) and provided a single statement of fact. *Mot. to Dismiss and for Summ. J.* at 1-5 (ECF No. 19) (*Defs.' Mot.*); *Statement of Fact* (ECF No. 20). The Magistrate Judge issued a second Recommended Decision on March 7, 2016, recommending that the Court grant the motion to dismiss Mr. Badger's claim against CCS without prejudice. *Recommended Decision* at 4 (ECF No. 26) (*Rec. Dec. II*). Mr. Badger filed no responses to any of the parties' motions, nor any objections to the Magistrate Judge's Recommended Decisions.

On March 30, 2016, the Court issued an order affirming the Magistrate Judge's Recommended Decisions, dismissing the Maine State Prison Medical Department as a party-defendant and dismissing without prejudice Mr. Badger's

claim against CCS.  *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 28).  All that remains is Officers Manning and Mayer's motion to dismiss.  *Defs.' Mot.*

### B.    Factual Background

The Court has derived these facts from Mr. Badger's Complaint (ECF No. 1). His factual allegations are deemed true when evaluating a motion to dismiss. *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).

At the time of the events alleged in the Complaint, Mr. Badger was a prisoner incarcerated at the Maine State Prison.  *Compl.* at 2.  On November 20, 2015, Mr. Badger felt like he was going to faint and pressed his medical emergency button.  *Compl.* Attach. 1 *Aff. of Dustin Badger* at 1 (ECF No. 1) (*Pl.'s Aff.*).  Officer William Mayer arrived at his cell three minutes later and asked him what the emergency was.  *Id.*  Mr. Badger told Officer Mayer he felt as if he was going to faint, and Officer Mayer told him to lie down and he would feel fine.  *Id.*  Mr. Badger suddenly had chest pains and again pressed the emergency button.  *Id.* Officer Mayer then got on the phone and asked what to do.  *Id.*  Officer Mayer called a medical ICS and medical personnel showed up 5 to 6 minutes later.  *Id.*  Officer Jeremiah Manning, another corrections officer, then told Mr. Badger to cuff up and kneel on his bunk facing the wall.  Mr. Badger told Officer Manning that he had chest pains and Officer Manning threatened him with chemical agents and was verbally abusive.  *Id.*  Mr. Badger was then placed in four point restraints and

taken to a medical evaluation in a wheelchair. *Id.* His blood pressure and lungs were checked and he was given Tylenol and returned to his cell. *Id.*

On November 21, 2015, Mr. Badger pressed his medical emergency button and told Officer Manning he was having chest pains. *Id.* Officer Manning continued to do his rounds and Mr. Badger pushed his emergency button again because he was still having chest pains. *Id.* Officer Manning responded and called the medical department, placed Mr. Badger in restraints, and made him walk to the elevator without any attention from medical staff. *Id.* He was brought to a receiving area and evaluated by two nurses, who checked his blood pressure but refused to perform an EKG. *Id.* at 2.

Mr. Badger was released from the Maine State Prison on February 5, 2016. *Statement of Fact* at 1 (ECF No. 20).

## II.    THE PARTIES' POSITIONS

### A.    Mr. Badger's Complaint

In his Complaint, Mr. Badger asks that Defendants Mayer and Manning be fired and that they lose their professional certifications. *Pl.'s Aff.* at 2. He also requests "any and all applicable injunctive relief . . . [a]ttorney fees, monetary damages," as well as punitive, compensatory and nominal damages for "severe physical, mental and emotional distress." *Id.*

### B.    Defendants' Motion to Dismiss

The Defendants turn to the Prison Litigation Reform Act (PLRA), which states that "[n]o Federal civil action may be brought by a prisoner confined in a jail,

prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Defs.' Mot.* at 3 (citing 42 U.S.C. § 1997e(e)).  The Defendants argue that the PLRA requires any alleged physical injury claim to be more than *de minimis*, and that Mr. Badger has not alleged that any of his discomfort or pain was caused or exacerbated by their actions, nor has he contended that any of their actions caused him physical injury. *Id.* at 4.

Moreover, the Defendants argue that "[a]n inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility." *Id.* (citations omitted).  As such, because Mr. Badger is no longer incarcerated, the Defendants assert that his request that they lose their jobs and certifications, and all other requests for injunctive relief, are moot. *Id.* at 4-5.

Lastly, the Defendants contend that "fear or emotional distress resulting solely from verbal harassment is not sufficient to support a claim under § 1983," and thus Mr. Badger's "claim that defendant Manning used abusive language toward him does not state a claim for which relief can be granted." *Id.* at 5 (citations omitted).  Further, the Defendants assert that "[i]n order to recover punitive damages under 42 U.S.C. § 1983, a plaintiff must show that the defendant acted with evil intent or callous or reckless indifference to plaintiff's federally protected rights," and that Mr. Badger "has at most shown that defendants were not as attentive to plaintiff's medical complaints as plaintiff would have hoped." *Id.* (citations omitted).

III.   **LEGAL STANDARD**

    A.    **12(b)(6) Motion to Dismiss**

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a court must determine "whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiffs, the complaint states a claim for which relief can be granted." *Ocasio–Hernández v. Fortuño–Burset,* 640 F.3d 1, 7 (1st Cir. 2011) (citing FED. R. CIV. P. 12(b)(6)).   A court need not assume the truth of conclusory allegations, and the complaint must state at least a "plausible claim for relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009).  However, "[n]on-conclusory factual allegations in the complaint must . . . be treated as true, even if seemingly incredible."   *Ocasio–Hernández,* 640 F.3d at 12.   A court may not "attempt to forecast a plaintiff's likelihood of success on the merits." *Id.* at 12-13.

In 2007, the United States Supreme Court issued *Twombly,* which emphasized the need for a plaintiff's complaint to marshal sufficient facts to demonstrate a "plausible entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007).  Two years later, in *Iqbal*, the United States Supreme Court refined the dismissal standard:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

556 U.S. at 678 (internal quotation marks and citations omitted).  The *Iqbal* Court suggested that courts when considering motions to dismiss could "choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Id.* at 679.  Having isolated "the well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*

In 2013, the First Circuit described the *Twombly* and *Iqbal* decisions as "watershed cases."  *García-Catalán v. United States*, 734 F.3d 100, 101 (1st Cir. 2013).  The "plausibility standard," the First Circuit wrote, has become "the 'new normal' in federal civil practice."  *Id.* (quoting *A.G. v. Elsevier, Inc.*, 732 F.3d 77, 78-79 (1st Cir. 2013)).  The First Circuit explained that "[t]he plausibility inquiry necessitates a two-step pavane."  *Id.* at 103 (citing *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013)).  "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'"  *Id.* (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)).  "Second, the court must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Id.* (quoting *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678)).

## B.     Pro Se Status of Plaintiff

Mr. Badger is representing himself in this lawsuit.  The First Circuit has written that "as a general rule, we are solicitous of the obstacles that pro se

litigants face, and while such litigants are not exempt from procedural rules, we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects." *Dutil v. Murphy*, 550 F.3d 154, 158-59 (1st Cir. 2008); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (pro se complaints are to be "liberally construed").   Even so, "pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

### C.   Additional Fact

"Ordinarily, of course, any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under Federal Rule of Civil Procedure 56." *Waterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (citing FED. R. CIV. P. 12(b)(6)).   At the same time, there are "narrow exceptions" for "documents the authenticity of which are not disputed by the parties; for official records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.* (citations omitted).

The Defendants presented a single statement of fact with their Motion to Dismiss, informing the Court that Mr. Badger was released from the Maine State Prison on February 5, 2016. *Statement of Fact* at 1.  This fact is not disputed by the parties, as Mr. Badger has not responded to the Defendants' Motion to Dismiss.

8

The Court incorporates this fact into the record and continues to treat the Defendants' motion as a motion to dismiss.

## IV.   DISCUSSION

Mr. Badger filed no response to the Defendants' Motion to Dismiss, no response to any motions filed by any party in this case, and no objections to the Magistrate Judge's Recommend Decisions.   Additionally, since Mr. Badger was released from prison, he has failed to update the Court with his current mailing address and there is no evidence that he has received any mailings from the Court. *See Order Affirming the Recommended Decision of the Magistrate Judge* at 1-2. Despite the Court's best efforts, it has been unable to locate Mr. Badger.  Though Mr. Badger is a pro se litigant, and the Court is solicitous of the obstacles he faces, "[a] party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).  Not only has Mr. Badger failed to meet this burden, he has failed to state a claim for which relief can be granted.

As the PLRA dictates, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  A number of circuit courts have interpreted "physical injury" under § 1997e(e) to require an injury to "be more than *de minimis*, but need not be significant." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (holding that twisting an inmate's arm behind his back and twisting his ear, causing the ear to

bruise for three days, was a *de minimis* injury); *see also Mitchell v. Horn*, 318 F. 3d 523, 534-35 (3d Cir. 2003) (joining Fifth, Ninth and Eleventh Circuits in adopting *de minimis* analysis).   Mr. Badger made no allegations that either Officer Mayer or Manning inflicted any physical injury on him: Officer Manning placed Mr. Badger in four point restraints on two occasions and made him walk to the elevator without any attention from medical staff.  *Pl.'s Aff.* at 1-2.  Moreover, Mr. Badger does not allege that the Defendants' caused the discomfort he experienced (faintness and chest pains), and any alleged delay in treatment caused no physical injury.

Additionally, "[a] prisoner's challenge to prison conditions or policies is generally rendered moot by his transfer or release," *Ford v. Bender*, 768 F.3d 15, 29 (1st Cir. 2014), as "[a]ny declaratory or injunctive relief ordered in the inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted."   *Id.* (quoting *Incumaa v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007)).  Mr. Badger was released from the Maine State Prison on February 5, 2016.  *Statement of Fact* at 1.  Pursuant to *Ford*, Mr. Badger's request that the Defendants lose their jobs and certifications seeks relief beyond the authority of the Court, and all other requests for injunctive relief are rendered moot.

Finally, Mr. Badger's allegations of verbal abuse from Officer Manning must fail.  The First Circuit has established that "[f]ear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest."  *Pittsley v. Warish*, 927 F.2d 3, 7 (1st

Cir. 1991), *abrogated on other grounds, Martinez v. Cui*, 608 F.3d 54 (1st Cir. 2010).

Additionally, under a 42 U.S.C. § 1983 claim, in order to recover punitive damages,

Mr. Badger must allege conduct that is shown "to be motivated by evil motive or

intent, or when it involves reckless or callous indifference to the federally protected

rights of others." *Cabral v. U.S. Dept. of Justice*, 587 F. 3d 13, 24 (1st Cir. 2009)

(quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)).  The facts as asserted by Mr.

Badger fail to show or imply any evil motive or intent by the Defendants, nor do

they allege reckless or callous indifference.

## V.    CONCLUSION

The Court GRANTS Officers Mayer and Manning's Motion to Dismiss (ECF

No. 19).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 11th day of April, 2016

11